## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Evan W. Gray</u>

     v.

<u>Chester L. Gray III</u>

Civil No. 22-cv-560-LM
Opinion No. 2023 DNH 067 P

## O R D E R

This case is a continuation of the litigation between the Gray brothers, Evan and Chester (who is known as Skip), about the management of their parents' trusts and their father's estate.[1]  In addition to the litigation previously filed in this court, Evan filed two petitions in the 9th Circuit Court, Probate Division, Hillsborough County, New Hampshire, ("Probate Court"), challenging Skip's execution of his fiduciary duties as trustee of their father's trust.  After the state court consolidated the two cases, Skip removed the cases to this court based on diversity jurisdiction.[2]

Evan moves to remand the cases to state court.  He argues that this court lacks subject matter jurisdiction, that other defects in removal require remand, and that "federal preemption" requires remand.  For the reasons that follow, Evan's motion to remand is granted in part and denied in part.

---

[1] The court refers to the parties by their first names because they share the family name, Gray.  See <u>Gray v. Gray</u>, 18-cv-522-JL, doc. no. 241, at 1, 2023 DNH 001, 2023 WL 35244, at *1 (D.N.H. Jan. 4, 2023).  Although the parties use their initials (rather than their first names) in their filings in this case, that method is not as clear as first names because Skip shares his father's initials.

[2] Evan is a lawyer and a member of the bar of the State of New York.  He has proceeded pro se in his prior cases in this court.  He was initially represented by counsel in this case, but counsel has withdrawn.  Evan is now proceeding pro se.

## STANDARD OF REVIEW

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  "[R]emoval to federal court is proper only if the action could have initially been brought in federal court." Ortiz-Bonilla v. Federacion de Ajedrez de P.R., Inc., 734 F.3d 28, 34 (1st Cir. 2013).  The defendant bears the burden of demonstrating that subject matter jurisdiction exists. Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  In addition, a plaintiff may move to remand because of a defect in removal, other than a lack of subject matter jurisdiction, within 30 days after the defendant filed the notice of removal.  Id.  When a plaintiff moves to remand based on a defect in removal, the defendant bears the burden of showing that removal was proper. Fayard v. Northeast Vehicle Servs., LLC, 533 F.3d 42, 48 (1st Cir. 2008); Sevigny v. British Aviation Ins. Co. Ltd., 2015 DNH 122, 2015 WL 3755204, at *1 (D.N.H. June 16, 2015).  Doubt as to subject matter jurisdiction must be resolved in favor of remand.  Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 11 (1st Cir. 2004); Deshaies v. DJD Med., Inc., 2022 WL 267449, at *2 (D. Mass. Jan. 28, 2022); Spitalny v. Fiorillo, 579 F. Supp. 3d 265, 268 (D. Mass. 2022).

## BACKGROUND

Evan and Skip are two of the three sons of Barbara and Chester Gray.[3]
During their lifetimes, Barbara and Chester established separate trusts for the
management of their property.  Barbara died in 2013, and Chester died in 2017.
Per the trust documents, all three brothers were named trustees of their mother's
trust, but Skip is the sole trustee of his father's trust, the Chester L. Gray, Jr.,
Trust of 1996 ("CLG Trust").  Evan is the successor executor of their father's estate
("CLG Estate"), which is being probated in the 2nd Circuit, Probate Division.

In June 2018, Evan brought suit in federal court against Skip, alleging
claims that related to their parents' trusts and the first annual accounting of the
CLG Trust.[4]  See Gray, 2023 WL 35244, at *1 & passim.  Skip brought
counterclaims against Evan and Scott.  The court resolved the claims and
counterclaims in that case, largely in Skip's favor, and entered judgment on
January 5, 2023.  Evan appealed the rulings in that case.[5]

---

[3] The third son, Scott Gray, has not participated in his brothers' disputes
except as has been necessary as a counterclaim defendant and a witness.

[4] "Under the New Hampshire Trust Code, a trustee of an irrevocable trust
[such as the CLG Trust], must provide a report 'at least' annually to the trust
distributees, 'unless the terms of the trust provide otherwise.'"  Gray v. Gray, 18-cv-
522-JL, 2023 WL 35244, at *17 ¶ 145 (D.N.H. Jan. 4, 2023) (quoting RSA 564-B:8-
813(d)).  A section of the CLG Trust modifies the statutory requirement by stating
that "'the trustee shall render annually an account of the trustee's administration to
each of the income and residuary beneficiaries who requests it for the trust of which
he or she is a beneficiary.'"  Id. (quoting CLG Trust Article 4.8).

[5] The court denied Evan's motion for amended findings and to alter or amend
judgment.  Evan then filed a motion for reconsideration, which remains pending.

In 2020, while that case was pending, Evan brought another case against Skip in this court, alleging that Skip breached his fiduciary duties in the management of the CLG Trust with respect to the second and third annual accountings.  Gray v. Gray, 20-cv-802-JL (D.N.H. July 27, 2020).  In that complaint, Evan sought an order:  compelling Skip to restore certain funds to the CLG Trust; voiding a transfer made in October 2018 and other transactions; imposing a constructive trust over funds held in a law firm's trust account, or alternatively surcharging Skip for the amount of the October 2018 transfer.  Evan also sought damages and an order directing Skip to correct and complete the second and third annual accountings for the CLG Trust.  On February 18, 2021, the court stayed the case pursuant to the parties' agreement.  Evan voluntarily dismissed that case on June 13, 2022.

A.  The June Case

On June 8, 2022, Evan, who was then represented by counsel, filed a petition in Probate Court, again alleging that Skip had breached his fiduciary duties as trustee of the CLG Trust ("June Case").  Doc. no. 1-1 (Case no. 316-2022-EQ-01383). Evan sought to surcharge Skip for damages to the CLG Trust, under RSA 564-B:10-1001, due to alleged breaches of fiduciary duty.  Evan also sought to void transactions recorded in the fourth annual accounting for the CLG Trust and to require Skip to complete the fourth annual accounting.

B. <u>The November Case</u>

On November 14, 2022, Evan, proceeding pro se, filed a second petition in the Probate Court against Skip ("November Case") (Case no. 316-2022-EQ-2729).  In the November Case, Evan alleged breach of fiduciary duty in the administration of the CLG Trust.  He challenged the second, third, and fifth annual accountings, seeking a constructive trust, and seeking to surcharge Skip.  Doc. no. 1-2.

In a scheduling order dated November 29, 2022, the Probate Court consolidated the June Case and the November Case "for address," concluding that the two cases "involve the same parties and similar allegations of fiduciary breach by the Trustee of the Gray Trust."  Doc. no. 6 at 6.  More specifically, the Probate Court stated:

> The allegations in the Original Petition largely concern alleged breach(es) arising from administration of the Gray Trust as reported in the fourth annual accounting. The claims in the Second Petition largely concern alleged breaches [arising from] the second, third and fifth accountings.  Claims arising from the first accounting were litigated before Judge Joseph N. Laplante at the Federal District Court and the parties are awaiting a final order in that matter.

Doc. no. 6 at 6, n.1.  Despite consolidation, the two cases retained separate case numbers and dockets.  The Probate Court scheduled a final hearing on the merits of both cases for December 2023.  On December 21, 2022, Skip removed the consolidated cases from the Probate Court to this court based on diversity jurisdiction.

5

## DISCUSSION

Evan moves to remand the cases to the Probate Court on a variety of grounds. Arguing that the cases have not been merged and must be treated separately, Evan contends that: (1) the court lacks subject matter jurisdiction over the June Case; (2) Skip improperly removed the cases in violation of the forum defendant rule; (3) Skip waived the right to removal by consenting to the exclusive jurisdiction of the Probate Court; and (4) the cases should be remanded based on federal abstention principles.[6] Skip objects to the motion to remand. The court addresses each argument below.

I.   Subject Matter Jurisdiction

When, as here, subject matter jurisdiction is based on diversity, the removing defendant must show that the opposing parties have diverse citizenship and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 83-84 (2014); Spitalny, 579 F. Supp. 3d at 268. In the notice of removal, Skip includes both the June Case and the November Case and alleges that the cases taken together allege damages sufficient

---

[6] Evan titles this part of his brief as "federal preemption." Federal preemption applies when "it is impossible for a private party to comply with both state and federal requirements." Merck Sharp & Dohme Corp. v. Albrecht, 139 S. Ct. 1668, 1672 (2019). That is not the situation Evan presents here. Instead, Evan relies on the analyses provided in Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996), and Burford v. Sun Oil Co., 319 U.S. 315 (1943), which pertain to federal abstention principles. Therefore, the court construes this part of Evan's argument as asking the court to abstain from adjudicating the November Case.

to invoke the $75,000 jurisdictional requirement.  Skip acknowledges that Evan did not allege a specific amount of damages in the petition that initiated the June Case. Thus, he concedes it is not clear that the amount in controversy for that case exceeds $75,000.  Doc. no. 1 ¶ 14.  Skip based the amount in controversy for removal jurisdiction on the constructive trust of $165,000 sought in the November Case.  He argues that the Probate Court's consolidation order merged the two cases so that the amount in controversy for both cases, taken together, exceeds the jurisdictional requirement.

Under Federal Rule of Civil Procedure 42, cases that are consolidated in federal court retain their separate identities and are not merged into a single action.  Hall v. Hall, 138 S. Ct. 1118, 1125 (2018).  To determine the effect of state court consolidation, however, federal courts look to state law to determine whether consolidated cases retain their separate identities or whether they are merged into a single action.  Cooper Clark, 785 Fed. Appx. at 581-84; Bridewell-Sledge v. Blue Cross of Cal., 798 F.3d 923, 925 (9th Cir. 2015); Sallee, 2022 WL 17177698, at *2; Crosslin v. Singh, 2021 WL 6752267, at *2 (S.D. Miss. Jan. 8, 2021); Banks v. Saba, 2021 WL 4342098, at *4 (D. Mass. Sept. 23, 2021); Fressadi v. Glover, 2019 WL 2549609, at *7 (D. Ariz. June 20, 219) (vacated in part on  other grounds); Carruth v. Moore, 2017 WL 11510375, at *3 (N.D. Ala. May 26, 2017); Amadu v. Bradshaw, 2016 WL 3676474, at *3 (D.N.J. July 11, 2016); Cottman Transmission Sys., LLC v. Bence, 2004 WL 98594, at *2 (E.D. Pa. Jan. 15, 2004).  When the forum state's law is clearly established with respect to the effect of consolidation, federal courts apply

the forum's law to answer the question.  See Bridewell-Sledge, 798 F.3d 92 at 925;

Unifoil Corp. v. Se. Pers. Leasing, Inc., No. 2:18-CV-18-MCA-SCM, 2018 WL

5288730, at *3 (D.N.J. Sept. 14, 2018), report and recommendation adopted, No. CV

18-18, 2018 WL 4676044 (D.N.J. Sept. 28, 2018); Residents & Fams. United to Save

Our Adult Homes v. Zucker, 2017 WL 5496277, at *13 (E.D.N.Y. Jan. 24, 2017).

Where the forum's state law is not clear or is silent on the question of the

effect of consolidation, courts employ varying approaches.  Some courts engage in an

analysis of state law to predict what rule the state's highest court would apply to

consolidated cases.  See Cooper Clark Found. v. Oxy USA Inc.,785 Fed. Appx 579,

581 (10th Cir. 2019).  In concluding that remand is appropriate, other courts focus

on the defendant's jurisdictional burden for purposes of removal and the

requirement that any doubt as to subject matter jurisdiction be resolved in favor of

remand.  See, e.g., Sallee v. Medtronic Inc., 2022 WL 17177698, at *4 (D. Ariz. Nov.

23, 2022); Michigan City v. Hays-Republic Corp.,  2020 WL 5757986, at *3 (N.D.

Ind. Sept. 28, 2020).

Here, neither Skip nor Evan has demonstrated that New Hampshire has

controlling law that governs the effect of consolidation of cases in its courts.[7]

Neither has presented a developed argument that the New Hampshire Supreme

---

[7] By comparison, under Massachusetts law, "'consolidation does not generally
effect a merger of cases into a single action,' but rather 'combines cases for
convenience and economy in administration.'" Banks, 2021 WL 4342098, at *4
(quoting Arequipeno v. Hall, 2000 WL 420622, at *2 (Mass. App. Div. 2000)).

Court would treat consolidation as either complete merger of the cases or as merely an administrative procedure that retains the separate identities of the cases.[8]

Skip bears the burden of showing that subject matter jurisdiction exists. Danca, 185 F.3d at 4. Because the removal statute must be strictly construed against removal, the court should resolve ambiguity or doubt about jurisdiction in favor of remand. Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 11 (1st Cir. 2004); Deshaies v. DJD Med., Inc., 2022 WL 267449, at *2 (D. Mass. Jan. 28, 2022); Spitalny, 579 F. Supp. 3d at 269.

The Probate Court consolidated the two cases "for address" without further explanation about the status of the cases. While the scheduling order makes plain that the cases were consolidated for discovery and trial, the cases retained separate identities with separate case numbers and separate dockets. Skip addressed the cases separately in the removal notice, acknowledging that the amount in controversy requirement under § 1332(a) was satisfied by the November Case but not the June Case.

On this record, the effect of the Probate Court's consolidation of the cases is unclear. Skip has not, therefore, met his burden to show that the Probate Court's consolidation order merged the June Case and the November Case so that they may be considered together for purposes of the amount in controversy requirement. For that reason, the cases must be considered separately. As Skip acknowledges, the

---

[8] Skip cites a treatise and a Probate Court rule to show that consolidation of cases is authorized in New Hampshire courts. While this shows that cases may be consolidated in New Hampshire courts, it falls short of explaining the effect of consolidation under New Hampshire law.

June Case, by itself, does not satisfy the amount in controversy requirement under § 1332(a).   The court, therefore, lacks subject matter jurisdiction over the June Case.  For that reason, the court must remand the June Case to the Probate Court.[9]

## II.   Forum defendant rule

Though the November Case alleges a jurisdictionally sufficient amount in controversy for diversity jurisdiction, Evan argues remand is required based on the forum defendant rule.  The forum defendant rule precludes removal based on diversity jurisdiction when any defendant is a citizen of the state where the action was filed.  28 U.S.C. § 1441(b)(2); see also Leahy v. Omni Hotels Mgt. Corp., 560 F. Supp. 3d 496, 498 (D.N.H. 2021); DaSilva v. Baader Ger., 514 F. Supp. 3d 393, 397 (D. Mass. 2021).   Skip is a citizen of Massachusetts, which does not implicate the forum defendant rule.

Evan contends, nevertheless, that because he is suing Skip as trustee of the CLG Trust, the Trust is the real party in interest in this case.  Evan further contends that because the CLG Trust was established under the laws of New Hampshire and has assets in New Hampshire, Skip, as trustee, is a citizen of New Hampshire.

Evan's theory lacks support in the law.  "[W]hen a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes." Americold Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378, 383 (2016).  For that

---

[9] The court need not consider Evan's remaining challenges to removal of the June Case.

reason, when a person is sued in his own name, although in the capacity of trustee, the person's citizenship controls the citizenship of the trust.  Citibank, N.H. v. Najda, 2023 WL 2248885, at *1 (D. Mass. Feb. 27, 2023).

Evan brought suit against Skip in his own name and in his capacity as trustee of the CLG Trust.  There is no dispute that Skip is a citizen of Massachusetts.  Therefore, the forum defendant rule does not apply in this case.

III.   Waiver of right to removal

Evan next contends that by accepting the trusteeship of the CLG Trust, Skip submitted to the exclusive jurisdiction of the Probate Court and waived the right to remove the cases from the Probate Court.[10]  To support his argument, Evan relies on RSA 564-B:2-202(a) and RSA 564-B:2-203(a).  Neither statute supports his argument.

RSA 564-B:2-202(a) pertains to personal jurisdiction over a trustee, which does not affect the right of removal under § 1441.  RSA 564-B:2-203 allocates jurisdiction over matters involving trusts in the courts of New Hampshire but does not affect this court's subject matter jurisdiction.  See, e.g., Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC, 953 F.3d 660, 666-67 & n.6 (10th Cir. 2020) (stating that because only Congress determines a lower court's subject matter jurisdiction,

_____

[10] As a threshold matter, Evan brought two prior cases in this court, Gray v. Gray, 18-cv-522-JL and Gray v. Gray, 20-cv-802-JL, challenging Skip's administration of the CLG Trust.  This fact alone counsels against Evan's theory that the Probate Court has exclusive jurisdiction over cases involving the CLG Trust.

the scope of jurisdiction is not affected by state law).  The New Hampshire statutes that Evan cites do not preclude removal in this case, and Evan's waiver argument is without merit.[11]

IV.    Abstention

Evan's final argument in favor of remand is based on abstention. Specifically, Evan asserts that the court should remand the November Case based on Burford abstention.  See Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996); Burford v. Sun Oil Co., 319 U.S. 315 (1943).  In support, Evan argues that New Hampshire's statutory framework applicable to trust administration is analogous to the extensive regulatory regime addressed in Burford.

"The Burford abstention doctrine applies in the extraordinary circumstance when a case 'presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar, or if its adjudication in a federal forum would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" Forty Six Hundred LLC v. Cadence Educ., LLC, 15 F.4th 70, 75 (1st Cir. 2021) (quoting Quackenbush, 517 U.S. at 726-27).  The Burford exception is to be applied

_____

[11] Evan also argues that Skip waived the right to remove the November Case from the Probate Court by failing to object to Evan's voluntary dismissal of Gray v. Gray, 20-cv-802-JL, where Evan raised two of the same claims.  Evan, however, cites no authority to support his waiver theory.  The circumstances of the voluntary dismissal do not support waiver.

narrowly and only when "the federal court risks usurping the state's role as the regulatory decision-making center." Id. (internal quotation marks omitted).

Evan has not shown that his challenges to Skip's administration of the CLG Trust present the rare and exceptional circumstances that would justify Burford abstention. Specifically, Evan has not shown that his claims against Skip present difficult questions of law under the New Hampshire trust statutes which bear on policy issues with public import or that adjudication in federal court would disrupt New Hampshire policy related to trust administration. In addition, the statutory framework applicable to trust administration is not unique to New Hampshire.[12] As the abstention doctrine does not apply here, it is not a basis for remanding the November Case.

## CONCLUSION

For the foregoing reasons, Evan Gray's motion to remand (document no. 15) is granted as to the June Case, Gray v. Gray, case no. 316-2022-EQ-01383, and is denied as to the November Case, Gray v. Gray, case. no. 316-2022-EQ-2729.

The June Case is remanded to the 9th Circuit Court, Probate Division, Hillsborough County, New Hampshire. The November Case will proceed in this court.

---

[12] New Hampshire has adopted the Uniform Trust Code. See In re Omega Trust, 175 N.H. 179, 183 (2022).

Evan Gray shall file his response to the motion to dismiss (document no. 12) within **14 days** of the date of this order.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

May 30, 2023

cc:  Evan Gray, pro se.
     Counsel of record.