UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Evan Gray

    v.                                           Civil No. 22-cv-560-LM
                                               Opinion No. 2023 DNH 147 P

Chester L. Gray, III, Trustee

# **O R D E R**

Plaintiff Evan Gray brings this action against his brother, Chester L. Gray, III ("Skip"), alleging that Skip violated his fiduciary duties as trustee of a trust established by their father in 1996 ("the 1996 trust"). On September 11, 2023, the court issued a procedural order asking the parties to brief the possibility of abstention under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1986). Having considered the parties' briefs and the applicable law, the court concludes that Colorado River abstention is not warranted.

Under Colorado River, "a federal court may abstain in certain instances where there is a parallel state court proceeding, 'based on considerations of wise judicial administration that counsel against duplicative lawsuits.'" Glassie v. Doucette, 55 F.4th 58, 63 (1st Cir. 2022) (quoting Jiménez v. Rodríguez-Pagán, 597 F.3d 18, 27 (1st Cir. 2010)). As noted in this court's prior order raising Colorado River's potential applicability, this case originated in the New Hampshire Circuit Court—Probate Division ("probate court") when, on June 8, 2022, Evan filed a petition in the probate court alleging that Skip violated his fiduciary duties as trustee of the 1996 trust. Then, on November 14, 2022, Evan filed a second petition

against Skip in the probate court alleging additional breaches of Skip's fiduciary duties as trustee of the 1996 trust. Skip removed both petitions to this court. Evan moved to remand both petitions. The court granted Evan's motion to remand the June petition but denied it as to the November petition. As a result, there is one petition challenging Skip's administration of the 1996 trust currently pending in state court, and one petition challenging his administration of that same trust currently pending in federal court. Concerned that the two cases may be parallel proceedings, the court asked the parties to address the possibility of Colorado River abstention as a basis for remanding the instant proceeding to the probate court.

However, "some duplication alone is not enough to justify" abstention. Glassie, 55 F.4th at 64. To justify Colorado River abstention, the state court litigation must "be an adequate vehicle for the complete and prompt resolution of the issues between the parties" in federal court. Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28 (1983). Indeed, "the decision to invoke Colorado River necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case" once the state court action has concluded. Id.; accord Glassie, 55 F.4th at 64 (explaining that, to invoke Colorado River abstention, "the state action must resolve all of the claims in the federal case"). "If there is any substantial doubt" as to whether the state court action would completely and promptly dispose of all the claims in the federal litigation, "it would be a serious abuse of discretion to" abstain. Moses H. Cone, 460 U.S. at 28.

Here, while some of the issues in the instant proceeding may overlap with the proceeding in probate court, resolution of the probate proceeding will not necessarily determine the disposition of the claims in federal court. The instant proceeding concerns Skip's alleged actions and omissions during the 1996 trust's "Second Annual Accounting" period from May 2018 through May 2019. The proceedings in probate court concern other alleged actions and omissions taken during other accounting periods. The resolution of the probate court claims will not necessarily determine the resolution of Evan's claims in this court concerning actions taken in 2018 and 2019.

While some of the same legal issues have arisen in the federal and probate court—including the timeliness of Evan's petitions and whether the savings statute applies—Colorado River abstention "is not warranted simply because related issues otherwise would be decided by different courts, or even because two courts otherwise would be deciding the same issues." Jiménez, 597 F.3d at 29 (quoting KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 10 (1st Cir. 2003)). "Rather, concerns about piecemeal litigation should focus on the implications and practical effects of litigating suits deriving from the same transaction in two separate fora, and weigh in favor of dismissal only if there is some exceptional basis for dismissing one action in favor of the other." Id. (emphasis added) (quoting KPS, 318 F.3d at 10-11). Because the probate court litigation concerns different alleged actions and omissions from different time periods than the claims in this case, Colorado River abstention is inappropriate.

3

In his brief, Evan argues that abstention is also justified under Burford v. Sun Oil Co., 319 U.S. 315 (1943). The court asked the parties to brief Colorado River abstention, not any other form of abstention. In addition, the court already considered and rejected Evan's argument for Burford abstention in its order granting in part and denying in part Evan's motion to remand. See doc. no. 24. The court declines to reconsider whether Burford abstention is warranted. Cf. Villanueva-Mendez v. Nieves Vazquez, 360 F. Supp. 2d 320, 324 (D.P.R. 2005) (explaining that motions for reconsideration may not be used to raise arguments which could have been raised previously or to repeat arguments already made and rejected).

## CONCLUSION

The court declines to remand this case to the probate court under Colorado River.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

December 4, 2023

cc:   Evan Gray, pro se
      Counsel of Record