UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Evan W. Gray

    v.                                      Case No. 22-cv-560-SM-AJ
                                                Opinion No. 2025 DNH 053
Chester L. Gray, III

O R D E R

Pro se plaintiff Evan Gray ("Evan") brings claims against his brother, Chester L. Gray, III ("Skip"), alleging that Skip violated his fiduciary duties as trustee of their father's trust ("CLG Trust").[1]  As is more fully explained below, Evan has several matters pending against Skip in federal and state courts, including appeals of rulings made in an earlier case in this court, Gray v. Gray, 18-cv-522-JL (filed June 13, 2018).  See Evan W. Gray v. Chester L. Gray, III, Nos. 22-1349, 23-1135, 23-1136, 23-1137, 23-1665, 23-1666, consolidated into 22-1349 (1st Cir. Feb. 1, 2024).  In response to a notice filed by Skip that the state probate court had stayed proceedings in Evan's cases because of the potential material impact of Evan's appeals, this court directed Evan to show cause why the proceedings in this case should not be stayed.  End. Or. Dec. 6,

---

[1] The court refers to the parties by their first names to avoid confusion because they share the surname, Gray.  Evan is a lawyer, and a member of the bar of the State of New York.  He is representing himself in this case.

2024.  The parties have filed responses to the court's order, and, for the reasons that follow, this case is stayed pending resolution of Evan's appeals.

## Background

A.  Factual Background

Evan and Skip, along with their brother, Scott, are the sons of Chester L. Gray, Jr. and Barbara Gray.[2]  Chester and Barbara established several trusts as part of their estate planning, which included a revocable trust established in 1985 and revocable trusts established in 1996.  Skip was named as the sole trustee of Chester's 1996 trust, the CLG Trust, and the brothers were named co-trustees of Barbara's 1996 trust.  Barbara died in 2013, and Chester died in 2017.  Skip was named the executor of Chester's estate.

The 1985 Trust states that Chester, as Settlor, has delivered or would deliver property to the trustee, Barbara, which might include life insurance policies, and provides for disposition of the trust property.  The CLG Trust includes the parents' home and property in Grafton and Springfield, New Hampshire.  Section 2.2A of the CLG Trust provides a continuing trust for the property with a maintenance fund.  The CLG Trust

---

[2] Skip is the oldest, Scott is the middle brother, and Evan is the youngest brother. Scott is not a party to this lawsuit.

also addresses the trustee's liability, providing that "the
trustee shall not be liable for any action taken or omitted in
good faith . . . ." Doc. no. 62-4, Art. 4.3.

    After Chester's death, a dispute arose between Skip and
Evan about, among other things, their parents' insurance
policies and the 1985 Trust.  The insurance companies notified
Skip that the 1985 Trust was the beneficiary of the insurance
policies.  Skip's counsel notified the insurance companies that
despite a search, she and Skip had been unable to locate the
1985 Trust.  The insurance companies released the policies'
proceeds, $165,584.52, to Skip as executor of Chester's estate.
On October 16, 2018, Skip transferred the insurance proceeds,
$165,584.52, to his counsel's client trust account, and Skip
used the funds to pay expenses of the estate.  On March 5, 2021,
the probate court disallowed Skip's proposed first and second
accounts for the estate and revoked Skip's appointment as
executor of Chester's estate, appointing Evan instead.  The
estate remains open.


    B.  Procedural Background

    On June 13, 2018, Evan sued Skip in this court, challenging
Skip's management of their parents' trusts during the first
annual accounting period and his administration of their
father's estate.  Gray v. Gray, 18-cv-522-JL; see also Gray v.

Gray, 18-cv-522-JL, 2023 WL 35244 (D.N.H. Jan. 4, 2023). After
a bench trial, the court largely found in Skip's favor and
concluded that Skip was the prevailing party. Id. Evan filed
motions for reconsideration, for amended findings, to alter or
amend judgment, and for a new trial, which were denied. 18—cv-
522, Doc. no. 280. Evan also filed six separate appeals, which
as noted above, have been consolidated as Gray v. Gray, 22-1349.

    While his first case was proceeding, Evan filed a second
case against Skip in this court, Gray v. Gray, 20-cv-802-JL, in
which he challenged Skip's management of the CLG Trust in the
second and third annual accounting periods. He alleged that
Skip had breached his fiduciary duties by transferring the
insurance proceeds to his counsel's client trust account and
failing to provide complete and accurate accounts, among other
things. Evan voluntarily dismissed those claims, without
prejudice.

    He then filed a petition in New Hampshire's 9th Circuit
Court, Probate Division ("Probate Court"), alleging that Skip
breached his fiduciary duties as trustee of the CLG Trust and
challenging the fourth annual accounting. Several months later,
Evan brought a second petition in Probate Court, alleging that
Skip breached his fiduciary duties in the administration of the

CLG Trust in the second, third, and fifth annual accountings.[3]
After the probate court consolidated the two actions, Skip
removed the consolidated cases to this court, and Evan moved to
remand.  The court granted the motion to remand as to the first
probate case because the court lacked subject matter
jurisdiction due to an insufficient amount in controversy but
denied remand as to the second case. Doc. no. 24.

Evan filed an amended complaint in which he brought two
claims against Skip.  In Count I, Evan alleges breach of
fiduciary duties and breach of trust and seeks imposition of a
constructive trust arising from the October 16, 2018, transfer.
In Count II Evan alleges breach of fiduciary duties and breach
of trust, and seeks a settlement of accounts for the second
annual accounting period.


C.  Current Status

After Skip filed a notice in this case that the Probate
Court had stayed the remanded case (along with other cases Evan
filed against Skip in that court), the court directed Evan to
show cause why this case should not be stayed pending resolution
of his appeals.  Despite the show cause order, Evan filed a
motion for summary judgment as to Skip's liability on Count I,

---

[3] Since then, Evan apparently has filed two more petitions
in probate court against Skip.  Doc. no. 58.

in which he alleges that Skip breached his fiduciary duties when he transferred the insurance proceeds to his counsel's client trust fund in October of 2018.  Evan filed a response to the show cause order (doc. no. 63), Skip filed his response (doc. no. 64), and Evan filed a further response (doc. no. 65).

Judge McCafferty recused herself from the case on February 6, 2025, and the case was then randomly assigned to the undersigned judge.  Trial is scheduled for the period beginning on May 20, 2025.

## Discussion

Federal courts have authority to stay a proceeding as part of "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. North American Co., 299 U.S. 248, 254 (1936); accord Dietz v. Bouldin, 579 U.S. 40, 47 (2016) (listing federal courts' inherent powers).  Stays under the court's inherent power "cannot be cavalierly dispensed:  there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced."  Marquis v. FDIC, 965 F.2d 1148, 1155 (1st Cir. 1992); see also CEZ Prior, LLC v. 755 N Prior Ave. LLC, 126 F.4th 1353, 1360 (8th Cir. 2025); In re PG&E Corp. Securities Litig., 100 F.4th

1076, 1085 (9th Cir. 2024).  When supporting circumstances
exist, courts may exercise the inherent power to stay
proceedings sua sponte.  See, e.g., Carter v. Ely, No. 20-cv-
713, 2025 WL 676088, at *2 (W.D. Va. Mar. 3, 2025); Tate v.
Nakashyan, No. 22-cv-624, 2025 WL 90063, at *1 (E.D. Cal. Jan.
14, 2025); Buffalo Airways Ltd. v. Airstrike Firefighters LLC,
No. 23-cv-1589, 2024 WL 5075000, at *1 (W.D. Wash. Dec. 11,
2024); Purchase v. FaceApp Inc., No. 23-cv-2735, 2024 WL
4164753, at *9 (S.D. Ill. Sept. 12, 2024).

In this case, Evan alleges that Skip breached his fiduciary
duties in making the October 2018 transfer, in failing to keep
him reasonably informed about the administration of the CLG
Trust during the second annual accounting period, and in failing
to administer and manage the CLG Trust in good faith during the
second accounting period.  His first suit against Skip, 18-cv-
522-JL, addressed a broad range of issues pertaining to his
parents' trusts and Skip's administration of their father's
estate, including questions of Skip's good faith and accounting.
Although Evan focuses on the insurance proceeds issue in this
case, his claims implicate broader issues.

Particularly pertinent to Evan's claims here, he previously
claimed that Skip breached his fiduciary duties as trustee of
the CLG Trust, but the court found in Skip's favor, except that
the court ordered Skip to reimburse the CLG Trust $170, which

Skip had used to pay personal legal expenses.  As part of that claim, Skip and Evan disagreed about the terms and purpose of the CLG Trust, but the court held, contrary to Evan's view, that the CLG Trust required creation of the continuing trust and maintenance fund for the parents' property only "'after paying or making provision for all death taxes, administrative expenses and other obligations.'" 18-cv-522, doc. no. 101, at 29.  In addition, the court found that Skip acted in good faith and was exculpated from liability under Article 4.3 of the CLG Trust, which is also an issue in this case.  Evan has appealed those rulings.  18-cv-522, doc. no. 247.  Because there is significant overlap between the issues on appeal and the issues presented in this case, there is good cause to stay this case pending resolution of Evan's appeals.

A stay for the duration of the appeal is reasonable to avoid duplicative litigation and a risk of inconsistency, particularly in light of the Probate Court's decision to stay proceedings there.  See, e.g., In re Zillow Gr., Inc. Session replay Software Litig, No. 22-cv-1282, 2023 WL 9064670, at *1 (W.D. Wash. Dec. 27, 2023) (staying action pending appellate decision in parallel litigation); see also Sias v. N.J. Sec. of State, No. 24-8747, 2025 WL 1094403, at *1 (D.N.J. Apr. 11, 2025); Accredited Specialty Ins. Co. v. Nielson Motor Co., No. 24-cv-2418, 2025 WL 277000, at *2-*3 (E.D. Cal. Jan. 23, 2025).

Although Evan argues that the appellate cases are proceeding slowly to the point of making any stay indefinite, the delay appears to be the result of Evan's appellate litigation practice.[4]  Evan also argues that a stay would prejudice his interest in having the funds in the October 2018 transfer invested sooner rather than later, any monetary losses caused by delay can be addressed with damages, if damages are proven.  A stay in these circumstances is appropriate.

Conclusion

For these reasons, this case is stayed pending the resolution of Evan's appeals from the decision in Gray v. Gray, 18-cv-522-JL.  Evan shall notify the court when the First Circuit Court of Appeals enters its final decision in the consolidated appeals, Gray v. Gray, 22-1349.

---

[4] As Evan states:  "There are six appeals pending in the First Circuit arising from at least eleven orders in Case 522." Doc. no. 63, ¶ 9.  Evan filed all six appeals.  Briefing is not yet complete in the consolidated cases on appeal, and the last entry in the appellate docket states that as of July 30, 2024, Evan's brief had not been accepted by the court for filing. Skip moved to dismiss all of the appeals due to Evan's failure to comply with the court's order on the length of his brief, and that motion remains pending.  By way of explanation for the protracted appellate proceedings, Evan cites his challenges to the appellate consolidation order.  Doc. no. 65.  Evan's appellate litigation practice demonstrates that he has not been concerned about delay to the extent of expediting those proceedings.

The pending motion for summary judgment in this case (doc.
no. 60) and the related motions, motion to strike (doc. no. 68),
motion to challenge witness (doc. no. 72), motion to compel
(doc. no. 73), motion for leave to subpoena (doc. no. 75),
motion to compel (doc. no. 76); motion to compel (doc. no. 78),
motion to exclude (doc. no. 80), motions for leave to reply
(doc. nos. 85, 86, & 88), and motion to extend time (doc. no.
89) are denied without prejudice to refile, if appropriate,
after the appeals are resolved.

Trial scheduled for the period beginning on May 20, 2025,
is cancelled, and the related pretrial proceedings and deadlines
are also cancelled.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

April 16, 2025

cc:  Evan W. Gray, pro se
     Counsel of Record