UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Evan W. Gray</u>

    v.       Case No. 22-cv-560-SM-AJ
                                        Opinion No. 2025 DNH 059

<u>Chester L. Gray, III, Trustee</u>

O R D E R

The court previously stayed this case during the pendency of Evan Gray's appeal from the decision issued in this court in another case between Evan Gray and his brother, <u>Gray v. Gray</u>, 18-cv-522-JL. Doc. no. 93. Both parties, plaintiff Evan W. Gray (Evan) and defendant Chester L. Gray, III, trustee (Skip), move for correction of that order. Evan and Skip agree that the court did not accurately describe the transactions that resulted in the transfer of funds to Skip's counsel's client trust account in October of 2018. Evan also raises other perceived inaccuracies and asks for partial reconsideration of the stay order. For the reasons that follow, Skip's motion is granted, and Evan's motion is granted in part and denied in part.

To clarify, the court made no factual findings in the prior order. The disputed description was provided as background only. As a result, the disputed description has no effect on proceedings or decisions in this case.

Nevertheless, to avoid further confusion about the nature of the October of 2018 transaction, the court will amend the stay order to reflect the transaction as described by the parties.  Therefore, the sentences in the full paragraph on page 3 of the prior order (doc. no. 93), describing the October of 2018 transfer, are amended to read:

> The insurance companies released the policies' proceeds, $165,584.52, to Skip who was the executor of Chester's estate.  Skip deposited the policies' proceeds into the estate's bank account and used the funds to pay expenses of the estate.  On October 16, 2018, as trustee of Chester's 1996 Trust, Skip transferred funds, equaling or approximating the amount of insurance proceeds, from the Trust to his counsel's client trust account.

Evan asks that other references in the order to the October of 2018 transfer be amended to state the two-step process of the transfer and argues that the trusts are also not accurately described.  Because these are not factual findings and have no effect on the outcome of the stay order or subsequent proceedings, there is no need for further amendment.  To the extent Evan argues that the court should have addressed his motion for summary judgment before staying the case pending appeal, the court is not persuaded.  The court is also not persuaded that the case was improperly stayed.

2

Conclusion

For the foregoing reasons, Skip's motion to correct the prior order (doc. no. 94) is granted to the extent provided in this order. Evan's motion to correct and for partial reconsideration (doc. no. 95) is granted to the extent provided in this order and is otherwise denied.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

May 8, 2025

cc: Evan W. Gray, pro se
    Counsel of Record